# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11-cv-169-RJC

| | |
|---|---|
| ROBERT BILLY RAMOS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SIDNEY HARKLEROAD, ) | |
| Administrator, Marion Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on Respondent Sidney Harkleroad's ("Respondent") Motion for Summary Judgment. (Doc. No. 6).

## I. BACKGROUND

Petitioner Robert Billy Ramos ("Petitioner") pled guilty to two counts of possession of a firearm by a felon, maintaining a dwelling, and two counts of attempted trafficking in marijuana on July 3, 2008. (Doc. Nos. 1 at 18; 7 at 1). Under a plea bargain, the court sentenced Petitioner to 7-9 months' imprisonment for the drug offenses and a suspended sentence of 13-16 months' imprisonment on the firearm offenses. (Doc. No. 7 at 1). Petitioner stipulated to having committed certain criminal offenses and that he had a Level IV criminal history. (Id.). Petitioner did not appeal. On June 10, 2009, Petitioner filed a Motion for Appropriate Relief ("MAR"). (Id. at 2). The court denied Petitioner's motion on January 14, 2010. (Id.).

On August 20, 2010, the Buncombe County Superior Court revoked Petitioner's probation and activated his 13-16 month sentence for the firearm offenses. (Id.). Petitioner filed another MAR on May 11, 2011. (Id.). The court denied Petitioner's second MAR on May 20, 2010. (Id.). Petitioner filed a certiorari petition with the North Carolina Court of Appeals on

June 3, 2011, which that court denied on June 17, 2010. (Id.). Petitioner filed this 2254 action on July 11, 2011. Nearly one year later, Petitioner filed a writ of certiorari in the North Carolina Supreme Court on June 22, 2012, which that court denied on August 23, 2012. State v. Ramos, No. 274P12, 2012 WL 3775964 (N.C. Aug. 23, 2012).

**II.     DISCUSSION**

    A.     Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

    B.     Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the Petition for Writ of Habeas Corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

When examining whether a state court's judgment "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2), a reviewing court must be mindful that a "determination of a factual issue made by a State court shall be presumed to be correct" unless a petitioner rebuts this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In contrast, "[a] federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal

3

question and adequate to support the judgment." Walker v. Martin, 131 S.Ct. 1120, 1127 (2011) (internal quotations and citations omitted). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." Id. (citation omitted). A procedural default also occurs "when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Hyman v. Keller, No. 10-6652, 2011 WL 3489092, at *9 (4th Cir. July 21, 2011) (quoting Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)); see also 28 U.S.C. § 2254(b)(1)(A).

Section 2254's exhaustion requirement demands that a petitioner give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Larry v. Branker, 552 F.3d 356, 366 (4th Cir. 2009) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). This includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the state. See id. In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by filing a state post-conviction proceeding in the trial court division and then petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. GEN. STAT. §§ 7A–31, 15A–1422.

However, a petitioner may overcome a finding of procedural default by showing cause and prejudice arising from the asserted constitutional error. McCarver v. Lee, 221 F.3d 583, 591-92 (4th Cir. 2000). To show "cause," a petitioner may make "a showing that the factual or legal basis for the claim was not reasonably available to counsel." Id. at 591 (quoting

4

McCleskey v. Zant, 499 U.S. 467, 494 (1991)). To establish "prejudice," a petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 592 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

A habeas petitioner may also overcome his procedural default by demonstrating that the court's failure to consider the claim will result in a fundamental miscarriage of justice. Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The "fundamental miscarriage of justice" exception applies only to a narrow class of cases involving extraordinary instances "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke v. Haley, 541 U.S. 386, 392–94 (2004) (citing Murray v. Carrier, 477 U.S. 478, 494–96 (1986)).

### III. ANALYSIS

#### A. Ineffective Assistance

Petitioner argues ineffective assistance of counsel for his attorney's failure to appeal the calculation of his prior record level and the court's denial of 238 days of jail credit he should have been awarded. (Doc. No. 1-1 at 4). He further alleges that counsel did not consult him about any right to appeal despite his efforts to raise these issues in open court himself. (Doc. No. 8 at 3). However, Petitioner does not allege that he asked counsel to appeal on his behalf. The first MAR court found that:

> There is no evidence from which the Court could find that Defendant's attorney was ineffective and in fact it appears that he made a Plea Agreement on behalf of Defendant that was substantially lower punishment than had he been convicted of the charges.
>
> The transcript of Plea states that the Defendant swore that he knew what he was pleading guilty to, knew what the potential punishment was and in fact, knew

what punishment he would receive. He also swore that he was satisfied with his counsel.

(Doc. No. 7-7). These factual and legal determinations were reasonable.

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). Where an attorney unreasonably fails to file a notice of appeal, the petitioner must only show "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484.

Respondent argues that counsel could not have been ineffective for failing to appeal because Petitioner had no right to appeal. (Doc. No. 7 at 4). North Carolina law provides that a defendant pleading guilty has no right to appeal as a matter of right if he is sentenced within–or, as Petitioner was, below–the presumptive range for his prior record level and class of offense. N.C. GEN. STAT. § 15A-1444(a1). Section 1444(a2), however, does provide a right to appeal as a matter of right where the sentence imposed results from an incorrect finding of the defendant's prior record level. But Petitioner stipulated to his prior record Level IV in his plea agreement, (Doc. No. 7-2 at 4), and the first MAR court held that Petitioner indeed had a prior record level

6

of IV. (Doc. No. 7-7).

Petitioner received a substantial benefit from his plea agreement. He was sentenced to 7-9 months' imprisonment with a consecutive 13-16 month sentence suspended. (Doc. No. 1-5). He faced a potential sentence of 163 months' imprisonment. (Doc. No. 7-2). Petitioner's plea did not expressly reserve anything for appeal. (Id.). His counsel likely believed that Petitioner no longer wanted to contest his prior record level designation because Petitioner stipulated to Level IV and pled guilty to receive this substantial cut in possible prison time. Moreover, any appeal would have been frivolous, and likely barred by Petitioner's guilty plea. See N.C. GEN. STAT. § 15A-1444(a1).

As to Petitioner's claim to additional credit for time served, his counsel was not ineffective for failing to raise this contention on direct appeal. These types of claims must be raised before the trial court in the first instance or appeal is barred. North Carolina v. Cloer, 678 S.E. 2d 399 (N.C. Ct. App. 2009). Given Petitioner's desire to plead guilty on July 3, 2008 and then to waive a revocation hearing on August 20, 2010 in exchange for his more lenient treatment, Petitioner's counsel's decision not to dispute jail credit was reasonable. Moreover, Petitioner only challenges his attorney's failure to appeal the jail credit issue–an appeal that was unavailable given counsel's unopposed decision not to challenge the ruling in the first instance before the sentencing court.

The second MAR court found that Petitioner had been given the proper jail credit and noted that "the Defendant failed to show any evidence of actual time spent in incarceration in the State of Florida pending extradition and transfer to Buncombe County." (Doc. No. 7-11). Any appeal on this issue would have been frivolous.

Petitioner's counsel's alleged failure to consult him about an appeal was not

unreasonable because any appeal would have been frivolous and Petitioner's acceptance of a beneficial plea deal reasonably indicated to his counsel that he did not want to appeal. Even if counsel had consulted Petitioner about the possibility of an appeal, Petitioner's claim still fails because he has not shown a reasonable probability that he would have appealed. Petitioner showed that he was not bashful about speaking up during his plea process. His failure to request an appeal is evidence that he would not have requested one even if his attorney had discussed the issue with him, especially since his attorney would likely have told him that such an appeal may not even be permitted, nevermind likely to succeed. Petitioner's ineffective assistance claim is **DISMISSED**.

B.  Prior Record Level

Petitioner re-asserts his prior record level argument substantively as a separate Due Process violation. (Doc. No. 1-1 at 7). The first MAR court rejected this claim and held that Petitioner indeed had a prior record level of IV. (Doc. No. 7-7). This is an issue of North Carolina state sentencing law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Helms v. Mitchell, No. 1:09-cv-261, 2009 WL 2168893, at *1 (W.D.N.C. July 20, 2009) (Mullen, J.) (holding that the correct determination of a defendant's prior record level is an issue of North Carolina state law); cf. Kelly v. North Carolina, No. 5:06-hc-2208, 2008 WL 244174, at *7 (E.D.N.C. Jan. 29, 2008) (holding that "[w]hether evidence of prior record level was properly admitted under North Carolina law is an issue of state law. Therefore, this claim is not cognizable in federal habeas review"). Petitioner's prior record level argument is **DISMISSED**.

C.   Jail Credit

Petitioner also re-alleges his jail credit argument substantively as a separate Due Process claim. (Doc. No. 1-1 at 11). This ground does state a federal claim. See Durkin v. Davis, 538 F.2d 1037, 1040-41 (4th Cir. 1976) (requiring pre-trial time spent in jail for crimes defendant is later convicted of be credited against defendant's ultimate sentence for those crimes). Plaintiff argues that time he spent in jail in Florida awaiting extradition to North Carolina should be deducted from his North Carolina sentence. Plaintiff also claims he is owed credit for some time spent in North Carolina jails.

The second MAR court found that Petitioner had been given the proper jail credit and noted that "the Defendant failed to show any evidence of actual time spent in incarceration in the State of Florida pending extradition and transfer to Buncombe County." (Doc. No. 7-11). Petitioner concedes that he did not provide any evidence of time spent incarcerated in Florida to the MAR courts. (Doc. No. 9 at 3). Petitioner has attached voluminous Florida incarceration records to this 2254 Petition. (Doc. Nos. 1-6 at 3-14; 1-7). But this Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). The only document before the MAR courts on this point–and therefore the only evidence this Court can consider–was a Buncombe County, North Carolina prison log. (Doc. No. 9 at 3). This log shows that Petitioner was arrested on July 17, 20, 21, and 27 of 2009, as well as December 12, 2009. (Doc. No. 7-10 at 2). The log lists ten crimes corresponding to these dates. (Id.). The MAR court's finding was not an unreasonable application of federal law or determination of the facts given the sparse factual record Petitioner presented. Petitioner has not shown that any time he spent in jail in North Carolina or Florida was improperly left out of the credit for time served he was given. See (Doc. Nos. 1-5 at 1, 11;

7-3 at 2) (awarding Petitioner at least 342 days credit). Petitioner's jail credit argument is **DISMISSED**.

## IV. CONCLUSION

Petitioner's ineffective assistance claim is dismissed because his counsel's alleged failure to consult him about an appeal was not unreasonable. Any appeal would have been frivolous and Petitioner's acceptance of a beneficial plea deal reasonably indicated that he did not want to appeal. Petitioner's prior record level claim is dismissed because it concerns an unreviewable issue of state law. His jail credit claim fails because the MAR court's finding was not an unreasonable application of federal law or determination of the facts given the sparse factual record Petitioner presented.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 6), is **GRANTED**;

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 19, 2012

Robert J. Conrad, Jr.
Chief United States District Judge